**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JOSE ADAN ESCOBAR CHICO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00851** |
| | § | |
| **MIGUEL VERGARA,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Jose Adan Escobar Chico's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1). Petitioner requests immediate release from custody, alleging that he has been detained by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) since March of 2026. (*Id.* at 10–12.) Respondents assert that Petitioner is detained under 8 U.S.C. § 1226, and that he was afforded a custody redetermination hearing on April 14, 2026, at which the immigration judge (IJ) denied bond after finding that Petitioner did not demonstrate that he is not a flight risk. (Dkt. 6 at 2, Attach. 1.)[1] Respondents also assert that Petitioner has not appealed the denial of his custody redetermination to the Board of Immigration Appeals (BIA). (Dkt. 6 at 2.)

Upon review of evidentiary record submitted to the Court, it appears that Petitioner has been provided with the custody redetermination hearing before an IJ that he is statutorily entitled to under 8 U.S.C. § 1226(a). Because "district courts do not have jurisdiction to review

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 3

discretionary decisions made by an IJ regarding bond," the Court may not review the IJ's underlying discretionary decision to deny bond for Petitioner. *See Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). The Court retains jurisdiction to review a constitutional challenge to the statutory framework for Petitioner's detention or to the extent of DHS's detention authority. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition."). Petitioner claims that the bond hearing was constitutionally deficient because the evidence supported Petitioner's eligibility for release. (Dkt. 1 at 11; Dkt. 7 at 1.) However, "[a]bsent a statutory or constitutional violation, the Court lacks jurisdiction to review the underlying conduct of the IJ during the custody redetermination hearing." *See Fuentes*, 808 F. Supp. 3d at 738 (citing *Oyelude*, 125 F. App'x at 546). Therefore, the Court is unable to grant the relief that Petitioner seeks.

Accordingly, Respondents' Motion for Summary Judgment, (Dkt. 6), is **GRANTED IN PART**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this June 8, 2026.

_____
Diana Saldaña
United States District Judge